# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>Applicant,<br><br>for an order pursuant to 28 U.S.C. § 1782. | Case No.18-mc-80134-NC<br><br>**ORDER GRANTING QUALCOMM'S MOTION TO COMPEL**<br><br>Re: Dkt. No. 14 |

Before the Court is applicant Qualcomm Inc.'s motion to compel production of documents pursuant to a subpoena. *See* Dkt. No. 14. Qualcomm seeks several categories of documents and materials from respondent Apple Inc. for use in the General Court of the European Union. Because Apple raises only general objections to Qualcomm's subpoena and those objections lack merit, the Court GRANTS Qualcomm's motion to compel.

## I. Background

On January 24, 2018, the European Commission issued Decision C(2018) 240 Final in case AT.40220-Qualcomm finding that Qualcomm and Apple's Transition Agreement and 2013 amendments to that agreement violated European law. *See* Dkt. No. 8 at 2. Qualcomm appealed that decision to the General Court of the European Union. *Id.* That appeal is presently pending. *See id.*; *see also* Dkt. No. 14 at 8.

On August 20, 2018, Qualcomm applied to this Court under 28 U.S.C. § 1782 to take discovery from Apple regarding the Transition Agreement for use in its European

appeal. *See* Dkt. No. 1. The Court granted Qualcomm's ex parte application to take discovery from Apple on August 28, 2018. *See* Dkt. No. 8. Qualcomm served a subpoena on Apple on September 13, 2018. *See* Dkt. No. 14-1 ("Bornstein Decl.") ¶ 3. Apple objected on October 3, 2018. *See id.* ¶ 4; *see also* Dkt. No. 14-2. Qualcomm now moves to compel production of discovery pursuant to that subpoena. *See* Dkt. No. 14.

## II. Legal Standard

"A district court may grant an application under 28 U.S.C. § 1782 where (1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a foreign tribunal; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *In re the Republic of Ecuador*, No. 11-cv-80171-CRB, 2011 WL 4434816, at *2 (N.D. Cal. Sept. 23, 2011); *see* 28 U.S.C. § 1782(a).

A court "is not required to grant" an application "simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). Instead, the district court has discretion whether to order the discovery. *Id.* at 259–61. In exercising that discretion, the Supreme Court in *Intel* directed district courts to consider the following four non-exhaustive factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65.

## III. Discussion

Apple raises four related objections to Qualcomm's subpoena. Apple argues that Qualcomm does not satisfy the statutory requirements in § 1782 because the requested discovery cannot be "used" in the General Court of the European Union. In particular, Apple contends that the requested materials are inadmissible in the General Court because

2

such material would be untimely. *See* Dkt. No. 16 at 12–13. Apple also argues that the second and third discretionary *Intel* factors weigh against discovery for the same reason. Finally, Apple argues that Qualcomm's request is unduly burdensome.

### A. 28 U.S.C. § 1782

Discovery is permitted under 28 U.S.C. § 1782 if it is intended "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782. Courts in the Ninth Circuit have observed that the "for use" requirement "focuses on the practical ability of an applicant to place a beneficial document . . . before a foreign tribunal." *In re Pioneer Corp. for an Order Permitting Issuance of Subpoenas to Take Discovery in a Foreign Proceeding*, No. 18-mc-0037-UA, 2018 WL 2146412, at *6 (C.D. Cal. May 9, 2018) (quoting *In re Sargeant*, 278 F. Supp. 3d 814, 822 (S.D.N.Y. 2017)). Thus, applicants must show that the material requested is tethered to a specific foreign proceeding and is relevant. *See In re Ex Parte Application of Ambercroft Trading Ltd.*, No. 18-cv-80074-KAW, 2018 WL 2867744, at *3 (N.D. Cal. June 11, 2018); *see also Rainsy v. Facebook, Inc.,* 311 F. Supp. 3d 1101, 1110 (N.D. Cal. 2018) ("A party seeking discovery pursuant to § 1782 must show that the discovery sought is relevant to the claims and defenses in the foreign tribunal, and the court should be 'permissive' in interpreting that standard.").

However, the "for use" requirement of § 1782 does not categorically bar a district court from ordering production of documents simply because they could not be discovered in the foreign jurisdiction. *Intel*, 542 U.S. at 260; *see also In re Request for Judicial Assistance from the Seoul Dist. Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) ("[F]ederal courts, in responding to [§1782] requests, should not feel obliged to involve themselves in technical questions of foreign law relating to . . . the admissibility before such tribunals of the testimony or materials sought."). Apple's arguments to the contrary are not persuasive.

In *Certain Funds, Accounts and/or Investment Vehicles v. KMPG, LLP*, 798 F.3d 113, 122 n.11 (2d Cir. 2015), the Second Circuit explained that a district court's gatekeeping role under § 1782's "for use" requirement was limited to ensuring that there

3

was some "discernable procedural mechanism" to introduce the requested discovery. The court explained that "[w]hether an applicant will be able to furnish the material sought to the foreign tribunal . . . is a separate question from whether the discovered material will be admissible in the foreign proceeding." *Id.* Similarly, *In re Ancient Delight International Ltd.*, 869 F.3d 121, 131. (2d Cir. 2017), the Second Circuit explained that § 1782 applicants must have the practical ability to use the requested discovery in a foreign proceeding by being "in a position to have the [tribunals] consider the evidence" and having some "*means of injecting* the evidence into the proceedings." (emphasis and alteration in original).

Here, Apple's "for use" argument turns on the admissibility of evidence under European law. To the extent Apple has identified discernable procedural mechanisms that may prohibit the use of materials Qualcomm seeks to discover, Apple admits that those mechanisms do not act as an absolute bar against untimely evidence. *See* Dkt. No. 16 at 14. How the General Court will apply those mechanisms to Qualcomm's appeal is beyond the scope of § 1782. It is enough under § 1782 that some avenue exists for Qualcomm to introduce the evidence it seeks to discover. *See Certain Funds*, 798 F.3d at 122.

Similarly, Apple's relevance argument is also unavailing. Qualcomm requests (1) Apple's plans regarding the development and commercial release of the relevant iPhone and iPad products; (2) Apple's procurement of baseband processors for the relevant iPhone and iPad products; (3) documents relating to Qualcomm's and Apple's negotiation of the Transition Agreement and its amendments; and (4) documents relating to Qualcomm's Apple-specific investments to develop baseband processors for use in Apple products. *See* Dkt. No. 1 at 27–29. These requests are directly relevant to the question on appeal: whether Qualcomm's Transition Agreement with Apple had an anticompetitive effect on the European baseband processor market. Thus, Qualcomm has satisfied the "for use" requirement of § 1782.

**B.   Second and Third *Intel* Factors**

As relevant here, the second *Intel* discretionary factor requires district courts to

4

consider "the receptivity of the foreign government . . . to U.S. federal-court jurisdictional assistance." *Intel*, 542 U.S. at 264. The third *Intel* factor asks whether the § 1782 application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.*

Apple's objections regarding the second and third *Intel* factors are variants of their foreign admissibility argument discussed above and largely fail for the same reasons.

Specifically, Apple argues that the second *Intel* factor weighs against discovery because the General Court is not receptive to U.S. federal-court jurisdictional assistance to obtain untimely evidence. Apple's argument, however, rests on a conclusion that the evidence sought by Qualcomm would be considered untimely by the General Court. Apple produced an expert declaration to support that conclusion, but Qualcomm produced their own expert declaration arguing that the General Court's exceptions to untimely evidence applies here. This battle of experts over foreign admissibility law is contrary to Ninth Circuit law. *See In re Seoul*, 555 F.2d at 723 ("[F]ederal courts . . . should not feel obliged to involve themselves in technical questions of foreign law relating to . . . the admissibility before such tribunals of the testimony or materials sought."); *see also Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012) ("[District courts] should not consider the admissibility of evidence in the foreign proceeding in ruling on a section 1782 application.").

Likewise, Apple's arguments with regards to the third *Intel* factor are unpersuasive. A different chapter of the Apple-Qualcomm saga is instructive. In *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1041–42 (N.D. Cal. 2016), the district court found that the third *Intel* factor weighed against granting the application after the foreign tribunal filed an amicus brief explaining its legal procedures for discovery of third-party evidence. There, the foreign tribunal explained that its case handling procedures strictly prohibited the discovery of evidence beyond materials attached to the decision being appealed because broad discovery could chill third-party cooperation with its investigations. *Id.* at 1041. Here, Apple identifies no similarly restrictive policies and

5

instead argues that the materials Qualcomm seeks are inadmissible under European law. But it is not clear that Qualcomm is attempting to "circumvent foreign proof-gathering restrictions or policies." *Intel*, 542 U.S. at 264. "[T]he fact that a § 1782 application requests documents that would not be discoverable by the foreign court if those documents were located in the foreign jurisdiction is not enough to render the application a 'circumvention' of foreign rules." *In re Kreke Immobilien KG*, No. 13-mc-110-NRB, 2013 WL 5966916, at *6 (S.D.N.Y. Nov. 8, 2013) (citing *Intel*, 542 U.S. at 260). Rather, the experts' declarations demonstrate that the General Court may permit the materials sought by Qualcomm under certain circumstances. *See, e.g.*, Dkt. No. 18-2 at 41 (General Court Rule of Procedure Art. 85(2), permitting "further evidence in support of [applicant's] arguments, provided that the delay in the submission of such evidence is justified.").

Thus, the Court finds that the second and third *Intel* factors do not weigh against granting Qualcomm's motion.

## C. Fourth *Intel* Factor

The final *Intel* factor considers whether the § 1782 application is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 260. Here, as explained above, Qualcomm seeks documents relating to (1) Apple's plans regarding the development and commercial release of the relevant iPhone and iPad products; (2) Apple's procurement of baseband processors for the relevant iPhone and iPad products; (3) documents relating to Qualcomm's and Apple's negotiation of the Transition Agreement and its amendments; and (4) documents relating to Qualcomm's Apple-specific investments to develop baseband processors for use in Apple products. *See* Dkt. No. 1 at 27–29. In addition, Qualcomm further contends that it is willing to limit its request to documents already produced by Apple in related litigation—in particular, *FTC v. Qualcomm, Inc.*, No. 17-cv-00220-LHK (N.D. Cal.) and *In re Qualcomm Litig.*, No. 17-cv-00108-GPC (S.D. Cal.). *See* Dkt. No. 20 at 17 n.8.

Apple argues that Qualcomm's motion to compel production should be denied because Qualcomm failed to establish the relevance of any specific document it seeks and has not identified any responsive documents. But as a general rule, Qualcomm is not

6

required to name specific documents in its request for production—that defeats the purpose of discovery. On the other hand, this case presents a rather unique situation. Both parties agree that the documents and materials sought by Qualcomm are already in Qualcomm's possession due to the parties' lengthy and recent litigation history. However, while it may be possible for Qualcomm to name specific documents it believes are responsive to its request, Qualcomm is bound by protective orders entered in those related cases, prohibiting it from using previously-discovered documents in *this* case or Qualcomm's European appeal. *See, e.g.*, Dkt. No. 20-3 ("Bornstein Decl.") at 10 (protective order in *FTC v. Qualcomm, Inc.*, No. 17-cv-00220-LHK (N.D. Cal.) restricting the use of discovered material).

To further complicate matters, the Court is also aware that the universe of responsive documents is likely to be quite substantial. And, as the Court explained in its initial order granting Qualcomm's § 1782 application, some categories of documents requested by Qualcomm are quite broad, albeit relevant. *See* Dkt. No. 8 at 5. Without a more particularized objection by Apple, however, the Court is unable to gauge the proportionality of Qualcomm's request.[1] At this time, the Court finds that Qualcomm's request is not unduly intrusive or burdensome and the fourth *Intel* factor weighs in favor of granting Qualcomm's motion.

Because Qualcomm satisfies the § 1782 statutory requirements and Apple has not shown that any of the discretionary *Intel* factors weigh in its favor, the Court GRANTS Qualcomm's motion to compel.

**IV. Conclusion**

The Court GRANTS Qualcomm's motion to compel. The Court encourages Qualcomm and Apple to meet and confer about the method and timing of production. The Court again encourages Qualcomm and Apple to meet and confer to draft a protective

---

[1] In passing, Apple also contends that certain documents may be subject to third-party confidentiality concerns or federal import-export regulations. But without a particularized objection, the Court cannot determine whether Apple's objections have teeth.

7

order that would regulate the production and use of any confidential information. No fees or costs are awarded in connection with this order.

**IT IS SO ORDERED.**

Dated: December 19, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge