UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>Applicant,<br><br>for an order pursuant to 28 U.S.C. § 1782 | Case No. 18-mc-80134-PJH<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS**<br><br>Re: Dkt. Nos. 25, 26 |

On August 20, 2018, applicant Qualcomm Incorporated ("Qualcomm") filed an Ex Parte Application for discovery pursuant to 28 U.S.C. § 1782. After Magistrate Judge Cousins granted that application, Qualcomm served a subpoena on Apple Inc. ("Apple") and Apple objected. Dkt. 14-2. Qualcomm subsequently filed a motion to compel, see Dkt. 14, and after the completion of briefing and a hearing, Judge Cousins granted Qualcomm's motion on December 19, 2018. Now before the court is Apple's "Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge, Or, In The Alternative, Motion for Relief From Non-Dispositive Pretrial Order." In short, Apple seeks to vacate Judge Cousins' order compelling Apple to produce documents responsive to Qualcomm's § 1782 subpoena. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES Apple's motion, for the following reasons.

As an initial matter, the parties dispute whether Judge Cousins' § 1782 order should be reviewed under Rule 72(a)'s "clearly erroneous or [ ] contrary to law" standard, or under Rule 72(b)'s more stringent de novo standard. The court acknowledges that there appears to be a split of authority on this point. Cf. Advanced Micro Devices, Inc. v. Intel Corp., No. C 01-7033, 2004 WL 2282320, at *1 (N.D. Cal. Oct. 4, 2004) with In re

Nikon Corp., No. 17-mc-80071-BLF, 2017 WL 4647753, at *1-3 (N.D. Cal. Oct. 16, 2017). In the interest of expediency, the court assumes, without deciding, that the more stringent de novo standard applies.

In general, § 1782 provides an avenue for an interested party to obtain discovery in support of foreign or international proceedings. "Before granting a § 1782 application, courts must first confirm three statutory requirements are present: (1) the discovery sought is from a person residing in the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is a foreign or international tribunal or an interested person." MetaLab Design Ltd. v. Zozi Int'l, Inc., No. 17-MC-80153-MEJ, 2018 WL 368766, at *1 (N.D. Cal. Jan. 11, 2018). (quotation marks omitted). Here, the parties only dispute the second requirement.

However, a court "is not required to grant" an application "simply because it has the authority to do so" under § 1782. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004). Instead, the district court has discretion whether to order the discovery. Id. at 259–61. In exercising that discretion, Intel directs courts to consider four non-exhaustive factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." Id. at 264–65.

Nearly all of Apple's arguments turn on the contention that Qualcomm's § 1782 application should be denied because its pending appeal in the General Court of the European Union—the proceeding that Qualcomm seeks the documents in support of— will not accept any documents Qualcomm obtains pursuant to the subpoena. The relevant Rules of General Procedure of the General Court (the "General Court Rules") indicate that while new evidence is not allowed as a matter of course in support of an

2

appeal, new evidence may be introduced under certain circumstances. See, e.g., Dkt. 18-2, General Court Rules, Article 76, 81, 85 (allowing submission of new evidence when "justified"). Both parties have submitted competing expert declarations about whether the General Court will accept the new evidence under the present circumstances. Dkts. 15, 18, 21. The Ninth Circuit has stated that in such circumstances, courts "should not feel obliged to involve themselves in technical questions of foreign law relating to . . . the admissibility before [ ] [foreign or international] tribunals of the testimony or material sought." In re Request For Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea, 555 F.2d 720, 723 (9th Cir. 1977).[1] Finding that the documents Qualcomm seeks are relevant to the General Court proceeding and finding no reason to depart from the Ninth Circuit's guidance, the court holds that Qualcomm has satisfied § 1782's "for use" requirement.

The court also finds that the Intel factors weigh in Qualcomm's favor. Apple does not dispute the first factor. Apple's arguments with respect to the second and third factors fail for the same reason Apple's "for use" argument fails. As to the fourth factor, Apple's general objections fail to show why the requested documents are not relevant and fail to show that Qualcomm's request is "unduly intrusive or burdensome."

Accordingly, Apple's motion to vacate Judge Cousins' order is DENIED. That renders Apple's motion to stay moot and thus it is also DENIED.

**IT IS SO ORDERED.**

Dated: January 11, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[1] Apple contends that In re Seoul is no longer good law because it preceded Intel. Apple cites no authority for that contention. For good reason, In re Seoul is not "clearly irreconcilable" with Intel. See Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003). Indeed, post-Intel decisions continue to rely on In re Seoul and apply the same rule. See, e.g. Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 82 (2d Cir. 2012); Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P., 798 F.3d 113, 122 n. 11 (2d Cir. 2015).